625 So.2d 655 (1993)
Linda LANDRY, et al., Plaintiff-Appellee,
v.
CITY OF ABBEVILLE and State of Louisiana, D.O.T.D., Defendant-Appellant.
No. 92-1156.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1993.
*656 Darrell James Hartman, Abbeville, for Linda Landry, et al.
Kevin Wade Trahan, Abbeville, for City of Abbeville.
M. Candice Hattan, Lafayette, for State, D.O.T.D.
Before DOMENGEAUX, GUIDRY, LABORDE, WOODARD and CULPEPPER[*], JJ.
WOODARD, Judge.
Plaintiffs, Mr. and Mrs. Landry filed suit for damages sustained when Mrs. Landry stepped into a hole, in a public street, next to the curb, as she attempted to get into her *657 truck which was covering part of the hole. She testified that she was not looking down at the time of the accident. She injured her right ankle and broke her right foot. It is undisputed that the state had custody of this portion of the road. An asphalt overlay had been placed on concrete, and water drainage had apparently washed away the overlay.
The trial court dismissed the City and found DOTD liable for damages but found Mrs. Landry fifty (50%) percent at fault.
Two theories of recovery were espoused; namely, negligence and strict liability.
In essence, the only difference between the negligence theory and the strict liability theory is that plaintiff need not prove the defendant was aware of the existence of the defect under a strict liability theory. Oster v. Department of Transportation and Development, 582 So.2d 1285 (La.1991).
However, LSA-R.S. 9:2800(B) provides in part that:
no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence
(Emphasis added.)
In any event, under either theory, the plaintiff must prove: 1) the thing which caused the damage was in the custody of the defendant; 2) the thing contained a defect (i.e., it had a condition that created an unreasonable risk of harm to the plaintiff); and 3) the defective condition of the thing caused plaintiff's injuries. Oster, supra.
Under both the negligence and strict liability theories, the absence of an unreasonably dangerous condition of the thing implies the absence of a duty on the part of the defendant.
Landry v. State of Louisiana and the Board of Levee Commissioners of the Orleans Levee District, 495 So.2d 1284 (La. 1986), sets out a subjective standard for determining whether there is an unreasonable risk of harm:
The unreasonable risk of harm criterion, however, is not a simple rule of law which may be applied mechanically to the facts of a case. It is a concept employed by this court to symbolize the judicial process required by the civil code. Since Articles 2317 and 2322 state general precepts and not detailed rules for all concrete cases, it becomes the interpreter's duty to decide which risks are encompassed by the codal obligations from the standpoint of justice and social utility.
Was the fact that the hole was located in the parking lane of a public street where it can be expected that persons will place their feet, when entering or exiting their vehicles, an unreasonable risk of harm? The trial court said yes.
We find no manifest error in the trial court's conclusion that the hole presented an unreasonable risk of harm and was therefore a defect. Because the hole in question is large and is located in an area where foot traffic would probably be frequent, the likelihood of harm is great, especially in light of the possibility of vehicles parked in such a way that the hole could be partially obscured. The magnitude of injuries could range from minor to moderate.

NOTICE
The record supports that defendant had constructive notice. LSA-R.S. 9:2800(C) provides that "[c]onstructive notice shall mean the existence of facts which infer actual knowledge." One is presumed to have constructive knowledge of a defect or dangerous condition when it is shown that it existed for such a long time that knowledge thereof can be presumed, or it can be said one should have had knowledge of the condition. Fontenot v. Soileau, 567 So.2d 815 (La.App.3d Cir.), writ denied, 571 So.2d 656 (La.1990).
Neysea Richard was employed by Darrell Hartman for a total of six years. Plaintiffs had parked near Mr. Hartman's office. Mr. Richard testified that throughout the years he had worked for Darrell Hartman, the holes were there.
*658 The trial court could have reasonably inferred that the DOTD knew or should have known of the hole. See Stobart v. State through Department of Transportation and Development, 617 So.2d 880 (La.1993). Accordingly, the trial court's finding of constructive notice should be affirmed.

CAUSATION
A claimant's disability is presumed to have resulted from an accident if, before the accident, the injured person was in good health, but commencing with the accident, the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of a causal connection between the accident and the disabling condition. See Housley v. Cerise, 579 So.2d 973 (La.1991), applying this principle in a personal injury case.
On the same day that the accident occurred, Mrs. Landry went to University Medical Center in Lafayette with complaints of pain in her right foot. Certified copies of medical records introduced into evidence contain notations that Mrs. Landry suffered a fracture of the fifth metatarsal of the right foot. On July 13, 1990, two days after the accident, a cast was applied to Mrs. Landry's right foot and lower leg. The cast was removed on August 3, 1990.
Dr. Cobb also agreed that Mrs. Landry's symptoms resulted from stepping in the hole and that the treatment he gave her could be as a result of her foot twisting sideways in the hole.

COMPARATIVE FAULT
Plaintiffs contend that the trial court erred in assessing fifty (50%) percent fault to Mrs. Landry.
The trial court assessed 50% fault on the basis that plaintiff could have or should have seen the indentation in the roadbed.
We find no manifest error in the trial court's determination in this regard.

QUANTUM
The trial court awarded Mrs. Landry $25,000 for general damages and $1,000 for lost earnings, along with other special damages. The court also awarded Mr. Landry $2,500 for loss of consortium. Plaintiffs contend that the general damages, lost earnings, and loss of consortium awards are inadequate.
Again, we can find no manifest error as the record can substantiate these findings.

ADEQUACY OF MEDICAL BILLS
Defendant objected to the admission of the medical bills as hearsay, as well as not being reflective of her treatment. Notwithstanding, there is no merit to these arguments.
Where the plaintiff's testimony that he incurred a medical bill is supported by the bill, absent sufficient contradictory evidence or reasonable suspicion that the bills are unrelated, it is sufficient to support the inclusion of that item in the judgment. The test is whether it is more probable than not that those items result from the accident made the basis of the suit. See Villetto v. Weilbaecher, 377 So.2d 132 (La. App. 4 Cir.1979); Rue v. State, Dept. of Highways, 376 So.2d 525 (La.App. 3 Cir. 1979).
AFFIRMED.
CULPEPPER, J., dissents and assigns written reasons.
GUIDRY, J., dissents for the reasons assigned by CULPEPPER.
WILLIAM A. CULPEPPER, Judge, dissenting.
I dissent. This minor indentation in the highway had a depth of only one to one and one-half inches, a length of twelve inches and a width of eight and one-half inches at one end and four and one-half inches at the other. It was located in an area used mostly by vehicles, not pedestrians. Mrs. Landry, or any other pedestrian, could and should have seen this indentation. It did not pose an unreasonable risk of harm to persons using ordinary care.
In Orleans Parish School Board v. City of New Orleans, 585 So.2d 643 (La.App. 4th *659 Cir.), writ denied, 587 So.2d 1069 (La.1991), the court held a minor defect in the street, very similar to the one in the present case, did not pose an unreasonable risk of harm. The court stated:
"The State has thousands of miles of roadways which have great utility value and are vital to the public. The cost to repair every pothole or minor crack would be outrageously high. The probability and gravity of harm posed by the alleged defect in this matter is insignificant."
For the reasons assigned, I respectfully dissent.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.