668 So.2d 1386 (1996)
Fred PETERSON
v.
The PARISH OF JEFFERSON.
No. 95-CA-711.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 1996.
Rehearing Denied March 18, 1996.
*1388 Hans Joseph Liljeberg, Assistant Parish Attorney, Parish of Jefferson, Harahan, for Defendant/Appellant.
Andre' P. Guichard, New Orleans, and A. Bruce Netterville, Gretna, for Plaintiff/Appellee.
Before BOWES, GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
The defendant, Jefferson Parish, appeals a judgment rendered in favor of the plaintiff, Fred Peterson. For the following reasons, we affirm.

FACTS
On April 12, 1987, the plaintiff was driving his car eastbound on West Napoleon Avenue at approximately 8:00 p.m. As he neared the intersection of Houma Boulevard, the plaintiff ran into an unmarked pothole. Immediately afterward, the steering wheel on the plaintiff's car began pulling to the right. The plaintiff then drove the car around the corner and parked it. Subsequently, the plaintiff had the car towed to a repair shop where it was determined that the car's axle was damaged. Thereafter, the plaintiff brought suit for the damages caused to his car by running into the pothole.
The trial court ruled in favor of the plaintiff and awarded $3,797 in damages, plus costs. From this judgment, the defendant has appealed.

ASSIGNMENTS OF ERROR
The defendant has assigned the following errors by the trial court: (1) the court erred in allowing into evidence a repair estimate under the business records exception to the hearsay rule; (2) the court erred in finding that the plaintiff had sustained his burden of proof to establish that he suffered damages as a result of running into the pothole; (3) the court erred in denying the defendant's motion for an involuntary dismissal at the close of evidence and in allowing the plaintiff to submit a canceled check to prove he had paid for the repairs to his car; (4) the court erred in assessing an excessive percentage of fault against the defendant; and (5) the court erred in failing to assess comparative fault against the plaintiff.

DISCUSSION
The first issue raised by the defendant involves the bill submitted by the plaintiff from the repair shop. The bill lists repairs to the plaintiff's car which total $3,797. The defendant chooses to characterize this document as an "estimate". We disagree, based on the fact that the challenged document is stamped "PAID-July 29, 1987". Therefore, we conclude that the plaintiff submitted the bill that he paid to have his car repaired, rather than an estimate.
Accordingly, the two cases cited by the defendant, Harris v. Hamilton, 569 So.2d 1, 4 (La.App. 4th Cir.1990) and Fairconetue v. Williams, 482 So.2d 198, 199-200 (La.App. 4th Cir.1986), are inapposite to the facts presented here. In both of the cited cases, repair estimates were excluded on hearsay grounds. Here, as mentioned above, the plaintiff has submitted a bill rather than an estimate. Nevertheless, there remains a question as to whether the bill constitutes hearsay and is thus inadmissible.
La.C.E. art. 802 states that hearsay evidence is inadmissible, subject to certain exceptions. In the instant case, the trial court allowed the admission of the bill under the business records exception. La.C.E. art. 803(6) allows the admission of business records provided they are kept in the ordinary course of business, as shown by the testimony of a custodian of the records or other qualified witness.
*1389 In Lennix v. Labee, we upheld the admission of medical bills based on the business records exception. 94-748 (La.App. 5th Cir. 2/15/95), 652 So.2d 50, 54, writ denied, 95-678 (La. 4/28/95), 653 So.2d 594. In Lennix, the plaintiff testified that he had received treatment from the health care providers named on the bills and that he was responsible for the amounts listed. Thus, we concluded that the plaintiff was a qualified witness within the meaning of article 803(6) and allowed the admission of the medical bills.
Similarly, in this case the plaintiff testified as to the damage done to his car, the repairs needed, and how much the repairs cost. Thus, we conclude that the plaintiff, as the person who paid the bill in question, is a qualified witness within the meaning of article 803(6). Additionally, a bill is clearly a document that is produced in the ordinary course of business. Accordingly, the bill submitted by the plaintiff qualifies as a business records exception to the hearsay rule and the trial court did not err in allowing it into evidence.
In its second assignment of error, the defendant argues that the trial court erred in finding that the plaintiff sustained his burden of proof to establish that running into the pothole caused damage to his car. This assignment of error is without merit. The plaintiff testified that immediately after running into the pothole his steering wheel pulled severely to the right. The plaintiff further testified that previous to running into the pothole his car did not pull to the right. The repair bill submitted by the plaintiff shows that the car's axle was damaged and the front end had to be aligned. These repairs are consistent with the damages described by the plaintiff. Therefore, we conclude that the trial court did not err in finding that the plaintiff sustained his burden of proof as to damages.
In its third assignment of error, the defendant argues that the trial court erred in denying its motion for an involuntary dismissal at the close of the plaintiff's case and in allowing the plaintiff to submit a canceled check to prove he had paid for the repairs to the car. As discussed above, at trial the plaintiff submitted into evidence the bill he paid for the repairs to his car. The defendant cross-examined the plaintiff as to the bill and as to how the plaintiff paid the bill. The plaintiff testified that he paid the bill by check but that he did not have the canceled check with him. Thus, the defendant moved for an involuntary dismissal on the basis that the plaintiff had not proved his damages because he could not produce the check he used to pay the bill. The trial court denied the motion. However, out of an abundance of caution, the trial court left the case open to allow the plaintiff to submit the check he used, despite the fact that the bill was marked "paid".
We find no error in the trial court's ruling. The checks in the record which were submitted by the plaintiff verify that he did in fact pay the bill. Thus, the plaintiff's testimony was corroborated by documentary evidence. Therefore, the defendant was not entitled to an involuntary dismissal. Accordingly, this assignment of error is without merit.
We will address the defendant's fourth and fifth assignments of error together. The defendant argues that the trial court erred in assessing an excessive percentage of fault against it and in failing to assess comparative fault against the plaintiff. The problem with this argument is that the defendant did not put on any case at trial. The plaintiff testified that he was traveling between 10-20 miles an hour at the time of the accident and that he had not used drugs or alcohol that night. The plaintiff further testified that it was raining and dark and he could not see the pothole. As the defendant did not put on any evidence to contradict the plaintiff's testimony, there is nothing in the record to support a finding of comparative fault on the part of the plaintiff. Necessarily, then, the fault attributed to the defendant cannot be considered excessive. Accordingly, the defendant's fifth and sixth assignments of error are without merit.
*1390 Finally, we note that the defendant filed a reply brief in which it argued that the plaintiff failed to establish actual or constructive knowledge of the pothole on the part of the defendant, as required by La.R.S. 9:2800. The plaintiff filed a motion to strike the reply brief on the grounds that it was beyond the permissible scope for such briefs. We deferred the plaintiff's motion to the merits and now conclude that the defendant's reply brief should be stricken from the record pursuant to Rule 2-12.13 of the Uniform Rules for the Courts of Appeal.
Rule 2-12.6 of the Uniform Rules for the Courts of Appeal provides that a reply brief shall be "strictly confined to rebuttal of points urged in the appellee's brief." In the instant case, the defendant's reply brief goes beyond mere rebuttal and attempts to raise a new legal argument, namely that the plaintiff failed to prove his case. The defendant could have made this argument at trial but instead chose not to put on a case. Further, the defendant could have raised this argument as an assignment of error but, for whatever reason, did not do so. In short, we do not address the question of the defendant's knowledge pursuant to La.R.S. 9:2800 because that issue is beyond the scope of our review.
Based on the foregoing, the judgment appealed from is affirmed.
AFFIRMED.
BOWES, J., dissents with reasons.
BOWES, Judge, dissenting with reasons.
I respectfully dissent from the majority opinion of my learned colleagues for the following reasons.
La.R.S. 9:2800 reads as follows:
Limitation of liability for public bodies
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
D. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
E. `Public entity' means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions. Public entity also includes housing authorities, as defined in R.S. 40:382(1), and their commissioners and other officers and employees.
[Emphasis supplied].
My review of the record discloses that the notice requirement of La.R.S. 9:2800 was not met as is specifically required by law. Plaintiff was the only witness to testify at trial. He simply alleged notice in his petition; a pre-trial response suggests that the parish had previously repaired the pothole and had placed barriers, but that the barriers were broken at the time of the accident. Proof of such facts would surely be evidence of notice on the part of the parish. However, I could find absolutely no evidence of either constructive or actual notice, or prior repair, produced at trial.
Under the theories available, either strict liability or negligence, plaintiff is required to prove actual or constructive notice of a defect or unsafe condition in order to prevail. See La.R.S. 9:2800, infra; Salone v. Jefferson *1391 Parish Dept. Of Water, 94-212 (La.App. 5 Cir. 10/12/94), 645 So.2d 747.
I am unable to conclude, based on the evidence produced at trial, that plaintiff carried his burden of proving the existence of facts which infer notice to, or the parish of the condition of the road by the parish.
Under the express provisions of La.R.S. 9:2800 and the jurisprudence of this Court, in my opinion, plaintiff did not establish his cause of action against the parish. Because Mr. Peterson did not carry his burden of proving, by a preponderance of the evidence, that the parish had actual or constructive notice of a defect, I would reverse the judgment of the trial court in favor of plaintiff and grant judgment in favor of the Parish of Jefferson, dismissing plaintiff's case.
Therefore, I respectfully dissent.